UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>WHITE, MUNOZ, BREWSTER, TAHT, MORENO, RICHER, CALVINO, PLASCENSIO, BROGDON, PRECIADO<br><br>Defendants. | Case No. 1:21-cv-00167-JLT-HBK (PC)<br><br>ORDER VACATING ORDER GRANTING *IN FORMA PAUPERIS* MOTION<br><br>(Doc. No. 7)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)<br><br>(Doc. No. 4)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

This matter comes before the Court upon re-review of the case docket. On February 17, 2021, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. No. 7). After taking judicial notice of its files, the Court notes that Plaintiff has at least three dismissals that constitute a strike and finds the Complaint does not establish that Plaintiff meets the imminent danger exception. As a result, the undersigned revokes the February 17, 2021 Order and recommends the District Court deny Plaintiff's motion to proceed *in forma pauperis*.

**BACKGROUND AND FACTS**

On February 22, 2021, Plaintiff initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). The Complaint consists of

1  six pages and alleges three claims stemming from events that allegedly took place at Wasco State
2  Prison Reception Center. (*See generally Id.*).  The Complaint identifies the following as
3  Defendants: Warden White, Sergeant Munoz, Sergeant Taht, Lieutenant Brewster, Moreno,
4  Richer, Calvino, Plascensio, Brogdon, and Preciado. (*Id.* at 1-2).

5  In his first claim, Plaintiff's alleges Defendants Preciado, Moreno, Calvino, and Richer
6  spat and urinated in his food, and poisoned and added "foreign bodies" to his food on an
7  unspecified date. (*Id.* at 2).  As a result, Plaintiff suffered from diarrhea, vomiting, stomach
8  aches, nauseas, headaches, dizziness, and "other strange abnormal symptoms." (*Id.*)  Plaintiff
9  states Sergeant Munoz, Sergeant Taht, and Lieutenant Brewster did nothing to address the
10 problem. (*Id.*).

11 In his second claim, Plaintiff faults Defendants Plascensio and Brogdon's for refusing to
12 transfer Plaintiff from Wasco despite the COVID-19 restrictions being lifted. (*Id.* at 4).  In
13 support, Plaintiff alleges Plascensio and Brogdon purposely "mixed-up" Plaintiff's e-file and
14 records to prevent him his transfer. (*Id.*)

15 In his third claim, Plaintiff alleges unspecified Defendants are preventing him from
16 attending hearings in "Delano Count" by falsely reporting that he refuses to attend the hearings.
17 (*Id.* at 5).  As relief, Plaintiff seeks to "press charges," monetary damages, and to be transferred to
18 a federal prison. (*Id.* at 6).

19 **APPLICABLE THREE STRIKE LAW**

20 The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

25 28 U.S.C. § 1915(g).  As part of the Prison Litigation Reform Act, the Three Strikes Rule was
26 enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct.
27 1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought
28 unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment

2

plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

In order to avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F. 4th 692, 701 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct

asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. (adopting test as articulated by Second Circuit, citation omitted).  The three-strikes litigant must meet both requirements of the nexus test to proceed.  *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous."  *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have found that the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *Hardney v. Hampton*, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005).  Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case.  *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021) (rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act.  As the United States Supreme Court noted in *Lomax*, "[t]he point

4

of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726.  And the three strikes provision, in particular, was aimed "to disincentivize frivolous prisoner litigation."  *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

## ANALYSIS

### A.  Plaintiff Has Three or More Qualifying Strikes

A review of the Pacer Database[1] reveals Plaintiff has filed at least 45 civil actions or appeals in a court of the United States.  Although not exhaustive, for purposes of these findings and recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each was entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
|---|---|---|
| March 7, 2019 | *Roberts v. Henderson, et al.*, Case No. 1:19-cv-00091-DAD-EPG (E.D. Cal. 2019) | Order adopting findings and recommendations to dismiss case as duplicative. |
| April 15, 2019 | *Roberts v. Riverside County Superior Courts*, Case No. 5:19-cv-00446-VBF-RAO (C.D. Cal. 2019) | Order adopting findings and recommendations to dismiss complaint as frivolous. |
| November 25, 2019 | *Roberts v. KVSP Investigation Unit*, Case No. 1:19-cv-01055-AWI-SAB (E.D. Cal. 2019) | Order adopting findings and recommendations to dismiss amended complaint for a failure to state a claim. |
| February 12, 2020 | *Roberts v. Riverside County Superior Courts of California and CDC Trust Office*, Case No. 5:20-cv-00197-VBF-RAO (C.D. Cal. 2020) | Order adopting findings and recommendations to dismiss complaint for failure to state a claim. |
| March 10, 2020 | *Roberts v. Huckleberry, et al.*, Case No. 1:18-cv-01237-DAD-SAB (E.D. Cal. 2018) | Order adopting findings and recommendations to dismiss amended complaint for a failure to state a claim. |

As evidenced above, Plaintiff has had three or more qualifying strikes for purposes of § 1915(g).

---

[1] *See* http://pacer.usci.uscourts.gov.

5

**B. The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in danger of serious physical injury as of the date the complaint is filed. *Andrews*, 493 F.3d at, 1052-53. Plaintiff does not allege that he is in imminent danger. And, liberally construing the Complaint, the undersigned finds it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the time he filed the action to invoke the § 1915(g) exception. (*See generally* Doc. No. 1).

While Plaintiff alleges Defendants poisoned, spat and urinated in his food, his allegations are speculating and fanciful. *See Stine v. Federal Bureau of Prisons*, 2015 WL 5255377, *6 (E.D. Cal. Sep. 9, 2015) ("[o]verly speculative and fanciful allegations do not plausibly show imminent danger") (citing *Andrews*, 493 F.3d at 1057 n. 11). Plaintiff provides no factual basis in support of these allegations. *See Williams v. Gomez*, 2011 U.S. Dist. LEXIS 146984, at *4 (E.D. Cal. Dec. 20, 2011) (finding that Plaintiff was not in imminent danger because her allegations that her food was being poisoned were not plausible); *see also Andrews*, 493 F.3d at 1057 n. 11 ("[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations that the ongoing practices has produced past harm") (other citations omitted). Further, Plaintiff does not allege that he requested and was denied medical attention for any of the physical symptoms he experienced form the alleged poisoning.

Accordingly, the Complaint fails to contain plausible allegations that Plaintiff was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

Accordingly, it is **ORDERED**:

The Court's VACATES its February 7, 2021 Order (Doc. No. 7).

It is further **RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 4) be DENIED under §

1915(g) due to his three-strike status and failure to meet the imminent danger exception.

    2.     This action be DISMISSED without prejudice automatically if Plaintiff fails to pay the filing fee after the time provided by the district court expires.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    April 11, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7